```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 12-20085-CIV-SCOLA
                              MAGISTRATE JUDGE P.A. WHITE

STANLEY GRONTKOWSKI,          :

        Plaintiff,            :

v.                            :        REPORT OF
                                       MAGISTRATE JUDGE
BRUCE COLTON , et al.,        :


        Defendants.           :
_____
```

## I. Introduction

The pro-se plaintiff, Stanley Grontkowski, filed a civil rights complaint pursuant to 42 U.S.C. §1983.(De#1) The plaintiff alleges that prosecutors in the State Attorney's Office denied him his constitutional rights. He seeks injunctive relief and monetary damages. The plaintiff is proceeding in forma pauperis.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or

>     any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>     * * *
>
>     (B) the action or appeal –
>
>     * * *
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or
>
>     (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on

factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that

3

no misconduct occurred.[1]

B. <u>Factual Allegations</u>

The plaintiff names attorneys Bruce Colton, Thomas Bakkedahl and Robert Belander, all employed at the Ft. Pierce State Attorney's Office. The plaintiff is essentially attacking his conviction in case no. 00-00814 entered in Martin County for first degree felony murder, along with multiple other counts. The plaintiff alleges that the prosecutors provided perjured evidence, used exhibits in a reckless manner and failed to act in good faith during his trial.

C. <u>Analysis of Sufficiency of Complaint</u>

This complaint is insufficient to proceed for multiple reasons. Defendant prosecutors are immune from a §1983 suit for damages. Any claims against them acting in their role of prosecuting attorney are subject to dismissal. Prosecutors performing "prosecutorial functions" receive absolute immunity and are therefore not subject to suit in a federal civil rights action. <u>See</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976). Absolute prosecutorial immunity applies where a prosecutor's activities are "intimately associated with the judicial phase of the criminal process. . . ." <u>Imbler</u>, 424 U.S. at 430. The plaintiff's allegations of wrongdoing by these defendants, that they acted in a reckless manner and allowed perjured testimony, are conclusory and he has not demonstrated that they acted outside of their duties, and are clearly insufficient to remove their cloak of absolute immunity and

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

4

subject them to civil liability.

Secondly, Grontkowski is essentially dissatisfied with his criminal proceedings. Claims that challenge aspects of his criminal proceedings are not cognizable in a civil rights case. A habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973). If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Further, Heck applies both to actions for monetary damages and for injunctive relief. Wilkinson v Dotson 125 S.Ct 1242 (2005). Because the plaintiff's confinement has not been remedied by any of the procedures listed in Heck, his claims are premature and not cognizable under §1983.

The plaintiff's avenue of relief is a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. Review of the Court's docket indicates the plaintiff filed a habeas corpus petition, assigned case no. 07-14235-Civ-Moore. The petition was denied on July 22, 2008. The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability.

### III. Conclusion

It is therefore recommended that the Complaint be dismissed

pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, and barred by Heck.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 4th day of April, 2012.

                                                UNITED STATES MAGISTRATE JUDGE

cc:   Stanley Grontkowski, Pro Se
      #K55261
      Hardee Correctional Institution
      Address of Record