UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20085-Civ-SCOLA

STANLEY GRONTKOWSKI,

    Plaintiff,

vs.

BRUCE COLTON, *et al.*,

    Defendants.
_____/

## ORDER OF DISMISSAL

THIS MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge, pursuant to Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a Report and Recommendation on any dispositive matters. On April 4, 2012, Judge White issued a Report recommending that Plaintiff's Complaint be dismissed. (Report of Magistrate, ECF No. 10.) The Petitioner has filed his objections to the Report. (Pl.'s Obj's, ECF Nos. 12, 13.).

Grontkowski's Complaint is brought under 42 U.S.C. § 1983 (2006). He alleges that three of the assistant state attorneys who prosecuted his case violated his constitutional rights when they knowingly presented perjured testimony and introduced false evidence against him during his trial. (Compl. ¶¶ 61-62, ECF No. 1.) Grontkowski further alleges that the prosecutors violated his constitutional rights by their testimony in a post-conviction evidentiary hearing. (*Id.* ¶¶ 63-64.) Through this case, Grontkowski seeks to have his conviction vacated. (*Id.* ¶ 67.)

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The exclusive mechanism for a state prisoner to challenge his conviction is an application for a writ of habeas corpus under 28 U.S.C. § 2254 (2006). *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Griffin v. Levenson*, 400 F. App'x 476, 477 (11th Cir. 2010).

In his Complaint Grontkowski clearly challenges the validity of his conviction. He specifically seeks to have his conviction overturned as a remedy in this matter. Accordingly, his Complaint must be dismissed for failure to state a claim upon which relief may be granted. Grontkowski argues that he should be given an opportunity to amend his complaint. However, any amendment seeking the same relief and based upon the same essential allegations would be futile because Grontkowski would still be impermissibly challenging his state court conviction through Section 1983 claims. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (holding that a court's denial of leave to amend is proper when the amended complaint would be futile).

It would not be appropriate for this Court to construe Grontkowski's Complaint as an application for a writ of habeas corpus for two reasons. First, Grontkowski's Objections demonstrate his express intent that this Complaint be construed as a claim under Section 1983. Second, because Grontkowski has previously filed an application for a writ of habeas corpus with this Court, he would first have to obtain the authorization of the Eleventh Circuit Court of Appeals to file a second or successive habeas corpus application, pursuant to 28 U.S.C. § 2244 (2006).

Having considered the Magistrate's Report, the Plaintiff's Objections, and the relevant legal authorities, and having made a *de novo* review of the record, this Court finds Judge White's Report and Recommendation cogent and compelling. It is **ORDERED and ADJUDGED** that Judge White's Report and Recommendation (ECF No. 10) is **AFFIRMED and ADOPTED**. The Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, on April 26, 2012.

_____
ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*